**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50473 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00019-JST-1 |
| v. | |
| JAN MORTEN HEGER, AKA Stan Morton Heger, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted April 10, 2013[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BYBEE, Circuit Judges.

Appellant Jan Morton Heger, who was convicted of making a false statement

on a passport application and using a passport obtained by false statements, both in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1542, appeals the district court's denial of his motions for a mistrial and for a new trial.

Regardless of the district court's pretrial *in limine* ruling, it was within the district court's discretion to admit testimony regarding the duration of Heger's departure from the United States. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) ("[A] ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court. The district court may change its ruling at trial . . .") (citation omitted). Indeed, the district court expressly reserved the right to reconsider its ruling. The testimony was relevant to prove Heger's intent to make a false statement on his passport application and thereby flee the country, and any prejudice was outweighed by the evidence's probative value.

Because the admission of testimony regarding the duration of Heger's departure was the sole basis for Heger's motions for a mistrial and a new trial, the district court did not abuse its discretion in denying the motions. *See Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 709 F.3d 872, 884 (9th Cir. 2013) ("[We] reverse only if the record contains no evidence in support of the verdict or if the district court made a mistake of law.") (footnote reference and internal quotation marks omitted).

**AFFIRMED.**